Case 3:22-cv-00321-CAB-BGS   Document 1   Filed 03/07/22   PageID.1   Page 1 of 11

FILED
Mar 07 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ shellyy      DEPUTY

Adrian Toscano CDCR# V-19411
Centinela State Prison
P.O. Box 921/C3-226
Imperial, CA 92251

In Propria Persona

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ADRIAN TOSCANO,
    Plaintiff/Petitioner,

v.

SERGEANT RAMOS, INTERNAL GANG INVESTIGATOR;
F. GUZMAN, CHIEF DEPUTY WARDEN (CDW);
    Defendants/Respondents.

Case No. **'22CV0321 CAB BGS**

CIVIL RIGHTS COMPLAINT WITH JURY DEMAND PURSUANT TO RULE 38(b) PER FEDERAL RULES OF CIVIL PROCEDURES

ORIGINAL COMPLAINT

I.
A. VENUE AND JURISDICTION:

Venue is proper in the Southern District Of California due to the events or omissions giving rise to the COMPLAINT having occured at a prison (CENTINELA STATE PRISON) in the city of Imperial - located in the Southern District. See 28 U.S.C. §§ 84, 1391 (b). The Court has federal question jurisdiction over this action brought under 42 U.S.C § 1983. See 28 U.S.C § 1331.

B. PLAINTIFF:

1. Name of Plaintiff: ADRIAN TOSCANO. At all times material to this complaint was housed at CENTINELA STATE PRISON (hereinafter: CSP), which is located within the city of IMPERIAL, and the county of Imperial - the Southern District Of California. CSP pysical address is: 2302 Brown Rd. Imperial, CA 92251. Plaintiff at all times material to this complaint was and is, until this very day, waiting for his legal documents a (Supplemental Brief) to be exact, having been confiscated by

Sergeant Ramos (ISU).

## C. DEFENDANT(S):

1. Name of the first defendant: Sergeant RAMOS (ISU). The first defendant at all material to this complaint was employed or contracted to CSP as a Sergeant, Investigating Security Unit (ISU), and Correctional Officer. At all times material in this complaint defendant was acting by the color of law through his official capacity. Defendant is SUED, jointly and/or severally, however in his individually capacity for monetary damages.

2. Name of the second defendant: F. Guzman. The second defendant at all times material to this complaint was employed or contracted to CSP as a Chief Deputy Warden (Acting), and is a designee in reviewing Grievance claims and make a final determination. At all times material in this complaint defendant was acting by the color of law through his official capacity. Defendant is SUED, jointly and/or severally, however in his individual capacity for monetary damages.

## II.
## D. EXHAUSTION:

1. For purposes of 42 U.S.C. § 1997(E)(a), Plaintiff has exhausted all available remedies before filing this complaint. See exhibits A, B, & C. Plaintiff brings the below claims upon exhaustion of all levels within the Institution and CDCR.

## III.
## E. GENERAL ALLEGATIONS:

1. Plaintiff realleges and incorprates by reference in section 1(C)(1-4) as if fully set forth herein;

2. At all times material in this complaint defendants were " person's, for the purpose of 42 U.S.C. § 1983 & 42 U.S.C. § 2000cc while acting under the color of state law," to deprive Plaintiff's constitutional rights by acts that were WILLFUL, INTENTIONAL, MALICIOUS, WANTON and DISPICABLE in conscience disregard of of rights secured by the California Code of Regulations, Title 15 § 3054, and the California Department of Corrections and Rehabilitation's Department Operational Manual DOM § 54080.14 without any legitimate penological interests in violation of the California State Constitution's First Amendment, and the Fifth and Fourteenth Amendment of the U.S. Constitution, free exercise of Due Process, also with an 8th Amendment of freedom from Cruel and Unusual Punishment as set forth more fully below.

IV.
F. FACTUAL ALLEGATIONS:
(SYSTEMATIC VIOLATION OF DUE PROCESS)

"DELIBERATE INDIFFERENCE TO PLAINTIFF'S RIGHT TO FREE EXERCISE THE FIFTH, EIGHTH AND FOURTEENTH WHICH VIOLATES HIS RIGHT TO DUE PROCESS OF LAW, AND HIS FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT, UNDER THE UNITED STATES CONSTITUTION AND, THE CONTINUAL DEPRAVATION.

CLAIM ONE (1)

1. On, or about July 18,2021, Plaintiff (hereinafter: Petitioner), needed to file an Inmate/Parolee Appeal, CDCR form-602 as an Emergancy Appeal in an effort to get his legal documents (Supplemental Brief) that had been confiscated from Sgt. Ramos. Petitioner claims that on or about May 30,2021, Sgt Ramos (ISU) had notified him about a legal manilla envelope with Petitioner's name on the envelope, that had been confiscated at another facility mailed by his personal Paralegal Representative, which contained an important "Supplemental Brief" the Paralegal had mailed to the Court of Appeal. Said Brief needed to be sent by mail no later than May 21, 2021, so right then and there it was obvious that the Supplemental Brief would be

in late (See; Exh."A"). However, due to Sgt. Ramos withholding these documents which were important, it had caused a major delay but most importantly it caused the Court of Appeal to deny Petitioner's Appeal. This was Petitioner one and only chance to prove his case, and possibly Petitioner's release. (See also; the Court of Appeal's Oppinion). Petitioner has written two (2) CDCR form-22, requesting to have an interview in person to discuss this matter with him and reason with him to get the Supplemental Brief back from him. Petitioner has not received a single response to his requests and ahs not received his Supplemental Brief to this day.

1(a). On 09/17/2021, Petitioner received a "Claimant Grievance Claims Decision Response" that their decision was "Disapproved".. in other words Petitioner's Appeal was denied. Their Reseaning and Decision States:

> In accordance with policy, all undelivered letters and packages returned to a facility by the post office shall be opened and inspected before being returned to the inmate. This inspection is to determine if the content originated with the inmate sender identified on the letter or package, and to prevent the transmission of contraband material, substances, and property that an inmate is not authorized to possess in the correctional facility.

This Decision of the claim had been made by F. Guzman Chief Deputy Warden, also advising Petitioner that if he is dissatisfied, he may file a 602-2, an appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

1(b). Furthermore, on 09/30/2021, Petitioner filed a 602-2 opposing to the decision, and to the Office of Appeals, stating his reason why he was dissatisfied with the decision. (See; CDCR 602-2). By this time Petitioner had made various attempts to get his Supplemental Brief in question, returned to him to no avail. This means, Petitioner has not received it, and in addition, the Court of Appeal also claimed that by June 10,2021, they had not recieved Petitioner's Supplemental Brief. So, the question is where is, and/or who has it? Sgt. Ramos (Defendant), with deli-

berate indefference failed as a professional Officer in his assigned duties, when he failed to interview Petitioner. Defendant's delay is beyond any logical explaination, his delay has no legitimate penological interest and due to deliberate indifference to Petitioner's sincerely need of the Supplemental Brief.

1(c).   Petitioner requires discovery on this particular issue for evidence is contained within CDCR Housing Unit Log Books at CSP.

1(d).   On, 12/04/2021 H. Moseley, Chief Granted Petitioner's issues on appeal based on the information Petitioner has mentioned on his CDCR 602-2.

## CLAIM TWO (2)

Petitioner asserts that On 12/04/2021, a different Staff had a whole different understanding Mr. H. Moseley a (Chief), determined that petitioner's appeal was meritorious, and therefore Granted the Appeal claiming the following:

> While the interview information supports the incoming mail may have been appropriately intercepted, there is insufficient information uploaded to provide a clear determination as to if the mail was considered confidential correspondance. As such, this claim is Granted...

However, Petitioner was under the impression that this Decision had become final right there and then. And than, on 02/01/2022, Petitioner received a different reponse, again by the Claimant Grievance Claims Decision Response, and again from F. Guzman Chief Deputy Warden (CDW). Only this time instead of having the same Log # for some unidentified odd reason they changed it to a different Log #.

Therefore, instead of continuously going in circles with this Petitioner submitted a State Petition For Writ of Habeas Corpus in the Superior Court and see how the Honorable Court can help Petitioner with this issue.

2(a).   Centinela State Prison seems to be very influential and the majority of the Staff who work for Centinela will side with each other 97% of the time depending on the circumstances. They will often lie when it is beneficial to the Prison,

And to other staff. Petitioner believes this is why Chief Deputy Warden (F. Guzman) has been siding with Sgt. Ramos, where F. Guzman believes that the misconduct Sgt. Ramos has done is Okay. Chief Deputy Warden F. Guzman, has been involved in many 602's (Inamte Appeal) and in every decision he has made has chosen to take the Staff's position without considering any inmates claims. On 02/01/2022, with deliberate indifference also failed as a professional Staff in his assigned duties, his dissaprovement to petitioner appeal has no legitimate penological interest due to his being "Bias".

2(a)  Going back and referring to Grievance Claims Decision Response, (Log# 141753), with the date of 09/16/2021, F. Guzman, had Dissapproved Petitioner's initial Inmate/Parolee Appeal (form-602). The Controlling Authorities F. Guzman cited are set forth in California Codes of Regulations (CCR), Title 15 section 3133(d) which speaks about the Definitions and Disposition of Mail. Following the disapproval, Petitioner send in his response on 09/30/2021, to the Office of Appeals in Sacramento. This response is where petitioner position was granted by H. Moseley, also a Chief. The Controlling Authorities he used are also found in CCR Title 15, 3000, 3001, 3004, 3313, 3141, 3391 and 3480; also in Department Operations Manual, section 54100.25.2. Defendant F. Guzman's response on his Grievance Claims Decision was contrary to CCR Title 15, and contrary to the cited Title 15, Controlling Authorities that Chief H. Moseley used for his Decision to grant petitioner's appeal.

### III.
### CAUSES OF ACTION:

PRISONERS PROCEEDING IN PRO SE IN CIVIL RIGHTS ACTIONS ARE
ENTITLED TO HAVE THEIR PLEADING LIBERALLY CONSTRUED AND
TO HAVE ANY DOUBT RESOLVED IN THEIR FAVOR.
WILHELM v. ROTMAN,  680 F. 3d 113, 1121 (9th Cir. 2012)
(Citations Omitted)

1.  Petitioner realleges and incorporates by reference in claim One thru

Two as fully set forth herein;

2. Defendant(s): Sergeant Ramos (ISU), F. Guzman, through their deliberate indifference to Petitioner's sincerely held Supplemental Brief, and the totality of Appeal correspondances, have placed a substantial burden on Petitioner's Right to Due Process of Law, and freedom from Cruel and Unusual Punishment under the 5th, 8th and 14th Amendment to the United States Constitution.

3. As described above in Claim One thru Two herein, Defendants: Sergeant Ramos, and F. Guzman (Chief Deputy Warden(Acting), acted in deliberate and callous indifference by preventing Petitioner from engaging to his obligation of sending a Supplemental Brief in timely to the Court of Appeal, thus violating petitioner's rights to due process of law, and freedom from cruel and unusual punishment under the 5th, 8th, and the 14th of the United States Constitution.

4. As described above in claim One and Two herein, Defendant(s): Sergeant Ramos (ISU), and F. Guzman (Chief Deputy Warden(Acting)), actions did not advance any reasonable Penological or legitimate correctional goals.

5. As a direct result by the Defendant(s): Sergeant Ramos (ISU), and F. Guzman (CDW)(A) actions, Petitioner suffered violations of his Constitutional rights under the 5th, 8th, and 14th, resulting in emotional distress.

IV.
PRAYER FOR RELIEF:

THE UNITED STATES SUPREME COURT HAS HELD THAT "A JURY MAY BE PERMITTED TO ASSESS PUNITIVE DAMAGES IN AN ACTION UNDER § 1983 WHEN THE DEFENDANT'S CONDUCT IS SHOWN TO BE MOTIVATED BY EVIL MOTIVE OR INTENT, OR WHEN IT INVOLVES RECKLESS OR CALLOUS INDIFFERENCE TO THE FEDERALLY PROTECTED RIGHTS OF OTHERS."
SMITH v. WADE, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)

Petitioner seeks relief under the federal civil rights acts, Title VII, and under a wide variety of precedent State and Federal laws, as follows:

1. An award of Compensatory Damages, in a reasonable amount to be determined

by a jury;

2. An award of special damages, in the amount of TWO HUNDRED AN FIFTY THOUSAND DOLLARS ($250,000.00) for the intentional infliction of emotional distress.

3. An award of punitive damages, in the amount of ONE MILLION DOLLARS($1,000,000.00);

4. An award of Litigation fees and costs, in the amount of TWENTY' FIVE THOUSAND DOLLARS ($25,000.00), with prejudgment interest, and;

5. An the appointment of Counsel due to discovery issues.

Executed at the County of Imperial, California on the __03__, day of the __03__ month in the year of 2022.

Petitioner declares the above under Penalty of Purjury, and by the Laws of the United States of America, that the foregoing is true and correct and thus complete under the Title 28 U.S.C. § 1746(1), and to the best of my knowledge and belief that Petitioner declares this done on the above date.

Respectfully submitted,

/s/ _Adrian_

ADRIAN TOSCANO,
Plaintiff/Petitioner

# PROOF OF SERVICE BY MAIL

Case:

Court No.:

I, the undersigned, declare that I am a resident of __Imperial__ County, California; that I am over the age of eighteen (18) years; that my residence address is: Centinela State Prison, 2302 Brown Rd./P.O.Box 921/C3-202, Imperial, CA 92251 ;

That on the date of: __03-3-2022__ I served the party/parties to within action a true and correct copy of the following document(s):

A Petition for Writ of Habeas Corpus

By placing thereof into the United States Mail at __Centinela__ State Prison, (Facility __C__) Law Library, enclosed in a sealed envelope with first class postage fully prepaid to the named party/parties addressed as follows: ATTORNEY GENERAL

SUPERIO COURT OF CALIFORNIA
COUNTY OF IMPERIAL
939 WEST MAIN STREET
EL CENTRO, CA. 92243

Office of the District Attorney
County of San Diego
600 West Broadway Street Suite 1800
San Diego CA 92101-3702
P.O. Box 85266-5299
San Diego, CA 92186-5266

SUPREME COURT OF CALIFORNIA
EARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA. 94102

I declare under penalty of perjury under the laws of the State of California and the Unites States of America that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on the date of __03-3-2022__, at __Imperial__, California.

X __Adrian__ [signature]
SIGNATURE

Print name: __Adrian Toscano__   C.D.C. & R. No. __V-19411__

ADRIAN TOSCANO V-19411
CENTINELA STATE PRISON
P.O. BOX 911, B5-205
IMPERIAL, CA. 92251





RECEIVED
MAR 07 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

USDC SOUTHERN DISTRICT OF CALIFORNIA
EDWARD J SCHWARTZ COURTHOUSE
221 WEST BROADWAY,
SAN DIEGO, CA. 92101

CENTINELA STATE PRISON
FACILITY B BUILDING 5

