UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN TOSCANO, CDCR #V-19411,<br><br>                                 Plaintiff,<br><br>vs.<br><br>SERGEANT RAMOS, Internal Gang Investigator, F. GUZMAN, Deputy Warden,<br><br>                                Defendants. | Case No.: 3:22-cv-0321-CAB-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4];**<br><br>**(2) DISMISSING CLAIMS AND DEFENDANTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b); and**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On March 7, 2022, Adrian Toscano ("Plaintiff" or "Toscano"), currently incarcerated at Centinela State Prison ("CSP") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not prepay the civil filing

fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 4.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

Plaintiff has submitted a Prison Certificate signed by a CSP Accounting Officer attesting as to his monthly balances and deposits and a trust account statement. *See* ECF No. 2 at 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. The certificate shows Plaintiff had an average monthly deposit of $71.77 to his account, maintained an average balance of $170.95 in his account over the six month period preceding the filing of his current Complaint, and an available balance of $0.00 as of March 10, 2021. *See* ECF No. 2; 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4), and imposes an initial partial filing fee of $34.19 pursuant to § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

///

## II. Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Toscano is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

///

B. Plaintiff's Allegations

Toscano alleges that on May 30, 2021, Defendant Ramos told him that a piece of legal mail with his name on it had been confiscated at another correctional institution. Compl., ECF No. 1 at 3. Toscano states that the mail was an appellate brief that had been "mailed by his personal paralegal representative." *Id.* The brief had to be mailed by May 21, 2021 in order to be timely filed. *Id.* Toscano claims that Ramos's confiscation of the legal mail "caused a major delay but most importantly it caused the Court of Appeal to deny Petitioner's appeal." *Id.* at 4. Toscano filed two requests for an interview "to discuss this matter with [Ramos] and reason with him to get the supplemental brief back from him," but has received no reply. *Id.* Toscano filed a grievance on July 18, 2021 regarding the confiscated brief, which he says was denied by Defendant Guzman, but his appeal was granted. Pla.'s Ex., ECF No. 1-2 at 1, 17–18. Toscano alleges that he received a second appeals decision from February 1, 2022 which had been given a different log number. Compl., ECF No. 1 at 5. He claims his appeal was wrongly denied by Guzman. *Id.*

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. Discussion

Toscano alleges Ramos and Guzman violated his Fifth, Eighth, and Fourteenth Amendment rights by confiscating his legal mail and denying his grievance appeals.

///

1. Fifth Amendment

"The Due Process Clause of the Fifth Amendment . . . appl[ies] only to actions of the federal government – not to those of state or local governments. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981). Accordingly, because none of the Defendants are federal actors, Toscano has failed to plausibly allege a Fifth Amendment due process claim against any Defendant. *Iqbal*, 556 U.S. at 676.

2. Eighth Amendment

Toscano argues his Eighth Amendment rights were violated by the Defendants' conduct. Compl., ECF No. 1 at 3–7. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. In order to state a plausible Eighth Amendment claim for relief, a Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Toscano states that Ramos, "with deliberate indifference, failed as a professional officer in his assigned duties, when he failed to interview [Plaintiff]" to determine what had happened to his legal mail. Compl., ECF NO. 1 at 4–5. He also alleges that Ramos's "delay is beyond any logical explanation, his delay has no legitimate penological interest and due to deliberate indifference to [Plaintiff's] sincerely [held] need of the Supplemental Brief." *Id.* at 5. As to Defendant Guzman, Toscano claims that "[o]n 2/01/2022, with deliberate indifference [Guzman] also failed as a professional staff in his assigned duties,

his dissaprovement [of Plaintiff's] appeal has no legitimate penological interest due to his being 'bias[ed]'." *Id.* at 6. Finally, he alleges that "Defendants Sergeant Ramos and F. Guzman (Chief Deputy Warden (Acting)), acted in deliberate and callous indifference by preventing [Plaintiff] from engaging to his obligation of sending a Supplemental Brief in timely to the Court of Appeal." *Id.* at 7.

Toscano has not plausibly alleged an Eighth Amendment claim. *Iqbal*, 556 U.S. at 678. He recites no facts to show that either Defendant knew of and disregarded "an excessive risk to [his] health and safety.'" *Toguchi*, 391 F.3d at 1057 (quoting *Gibson*, 290 F.3d at 1187). Accordingly, Toscano has failed to state a § 1983 claim for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) at 28 U.S.C. § 1915A(b); *Iqbal*, 556 U.S. at 678.

### 3. Fourteenth Amendment Due Process/First Amendment Access to Courts

Toscano also argues his Fourteenth Amendment due process rights were violated by Ramos and Guzman. Specifically, he claims they "placed a substantial burden on [Plaintiff's] right to due process of law" by preventing him from timely filing his supplemental brief in the California Court of Appeal. Compl., ECF No. 1 at 7. This is more appropriately understood as an access to courts claim. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality) (quotation marks omitted) (noting that when a specific constitutional Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment . . . must be the guide for analyzing these claims").

Prisoners have a First Amendment right of access to the courts which guarantees them the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *See Lewis v. Casey*, 518 U.S. 343, 346, 356 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. It does "not create an abstract, freestanding right to … legal assistance," *id.* at 351, and does not "guarantee inmates the wherewithal to transform themselves into litigating engines." *Id.* at 355.

Claims for denial of access to court may arise from the frustration or hindrance of "a litigating opportunity yet to be gained," or from the loss of a suit that cannot now be tried. *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002); *see Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference"), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). But the threshold requirement for any claim based on the denial of access to court is the allegation of an "actual injury." *See Lewis*, 518 U.S. at 351–53; *Silva*, 658 F.3d at 1104. "[A]ctual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). A prisoner alleging an access to courts a claim must plausibly allege: (1) acts by prison officials which frustrated his litigation activities, (2) the loss of a "nonfrivolous" or "arguable" claim, and (3) the remedy sought through the access to courts claim is not otherwise available in another suit. *Christopher*, 536 U.S at 415.

      a. <u>Defendant Ramos</u>

Toscano alleges that Ramos confiscated documents that he needed to file in the California Court of Appeal, and that because of this action, he was unable to timely file them and his appeal was denied. Compl., ECF No. 1 at 3–7. These allegations are sufficient to plausibly stated First Amendment access to courts claim against Ramos. *Iqbal*, 556 U.S. at 678.

      b. <u>Defendant Guzman</u>

The only allegations Toscano makes against Guzman are that he improperly denied Toscano's grievance regarding the confiscated documents. Compl., ECF No. 1 at 3–7. These allegations are not sufficient to plausibly allege Guzman did anything to frustrate Toscano's litigation activities. *See Christopher*, 536 U.S at 415; *see also Richardson v. Montgomery*, 2020 WL 1984029, at *4 (S.D. Cal. Apr. 27, 2020) ("Simply ruling against

a prisoner on an administrative complaint does not cause or contribute to the violation") (quoting *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (internal quotation marks omitted)); *Salmen v. California Dep't of Corrections and Rehabilitation*, 2020 WL 6395690, at *5 (S.D. Cal. Nov. 2, 2020) (finding Plaintiff failed to state a plausible § 1983 claim by alleging only that defendants improperly denied his grievance and appeals) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure").)

### III. Conclusion and Order

For the reasons explained, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4);

2) **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO HIS ACTION;

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001, or in the alternative by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4) **DISMISSES** Plaintiff's claims against Defendant F. Guzman in their entirety without leave to amend based on Plaintiff's failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court finds further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995));

5) **DISMISSES** Plaintiff's Fifth and Eighth Amendment claims against Defendant Ramos based on Plaintiff's failure to state a claim upon which relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court finds further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995));

6) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant Ramos and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve them upon Defendant;

6) Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include an address where each named Defendant may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

7) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendant as directed by Plaintiff on the USM Form 285s provided to him and to promptly file proof of service, or proof of any attempt at service left unexecuted with the Clerk of the Court. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

8) **ORDERS** Defendant, once he has been served, to reply to Plaintiff's Complaint[2] within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted

---

[2] The sole remaining claim in the complaint is the First Amendment access to courts claim against Defendant Ramos.

its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

9) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendant may be disregarded.

**IT IS SO ORDERED**.

Dated:  May 10, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge