UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adrian TOSCANO,<br><br>                                    Plaintiff,<br><br>v.<br><br>Sergeant RAMOS,<br><br>                                    Defendant. | Case No.:  22-cv-00321-CAB-BGS<br><br>**REPORT & RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[ECF No. 10]** |

This Report and Recommendation is submitted to the Honorable Cathy Ann Bencivengo, United States District Court Judge for the Southern District of California, under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the Southern District.  Based on the documents and evidence presented, and for the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint be **GRANTED** and that this action be **DISMISSED**.

Adrian Toscano, Plaintiff, is currently incarcerated at Centinela State Prison in Imperial, California.  In relevant part, Plaintiff's Complaint, filed pro se and in forma pauperis under 42 U.S.C. § 1983, alleges that Sergeant Ramos, Defendant, violated Plaintiff's right of access to the courts under the First Amendment to the United States Constitution by confiscating a supplemental brief Plaintiff's "Paralegal Representative"

had allegedly mailed to the California Court of Appeal.  (Compl. [ECF No. 1].)[1]  Plaintiff alleges the confiscation of his brief led to its untimely filing and to the denial of his appeal.[2] (ECF No. 1 at 1, 3-7.)  Defendant has moved to dismiss.  (ECF No. 10.)

## I.    FACTUAL BACKGROUND

Plaintiff's Complaint alleges that on May 30, 2021, Defendant told him that a legal manilla envelope with Plaintiff's name on it had been confiscated at another correctional facility.  (ECF No. 1 at 3.)  Plaintiff alleges the envelope contained his supplemental appellate brief to the Court of Appeal, and had been mailed to the Court of Appeal by Plaintiff's "Paralegal Representative."  (*Id.*)  The brief was to have been filed by May 21 to have been timely.  (*Id.*)  Plaintiff alleges that Defendant confiscating the envelope "caused a major delay but most importantly it caused the Court of Appeal to deny [his] appeal."  (*Id.* at 4.)  Plaintiff has allegedly filed two requests for an interview "to discuss this matter with [Defendant] and reason with him to get the supplemental brief back from him," but has received no reply.  (*Id.*)

## II.   PROCEDURAL BACKGROUND

---

[1] Citations in this Order use the CM/ECF pagination.

[2] Plaintiff's Complaint asserts claims against Defendants Sergeant Ramos and F. Guzman under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1 at 3.)  The District Court's May 10, 2022, Order dismissed all claims against Defendant Guzman and all claims but one against Defendant Ramos.  (ECF No. 5.)  The District Court noted that the remaining claim, under the Fourteenth Amendment, which had been based on Plaintiff's allegations of having been prevented from timely filing his brief in the California Court of Appeal, was "more appropriately understood as an access to courts claim" under the First Amendment.  (ECF No. 5 at 7.)  The claim is, therefore, likewise treated as a First Amendment access-to-courts claim in this Report and Recommendation.  *See Silva v. Di Vitorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (stating that prisoners have a constitutional right of access to the courts, "protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process.").

The attachments to Plaintiff's Complaint show that on July 19, 2021, Plaintiff filed an Inmate/Parolee Appeal with a California Department of Corrections and Rehabilitation (CDCR) 602 form, alleging that his Court of Appeal document had been confiscated.  (*Id.* at 18.)  On December 4, 2021, the CDCR Office of Appeals granted Plaintiff's claim and stated that its decision exhausts administrative remedies available to Plaintiff in the CDCR. (*Id.* at 15.)   The CDCR Office of Appeals also directed that the institution open a new Offender Grievance Tracking log number and "provide sufficient information for review to determine if the mailing was to/from a court of appeals as claimed by appellant."  (*Id.*) On February 1, 2022, the CDCR Grievance Claims "determined the mailing was not to/from a court of appeals as claimed by the appellant."  (*Id.* at 14.)  It determined that the package had been addressed to a private apartment complex.  (*Id.*)   As an additional consideration, it determined that the address lacked the proper signature on the back of the envelope as is required by the CDCR.  (*Id.*)

On March 7, 2022, Plaintiff filed his 42 U.S.C. § 1983 Complaint in this Court.  (*Id.*) On May 10, 2022, after the Complaint was screened under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), Defendant F. Guzman was dismissed as a party and all but one claim against Defendant Ramos were dismissed.  (ECF No. 5 at 9, 10.)  Specifically, the District Court held that Plaintiff had "plausibly state[d] a First Amendment access to courts claim against [Defendant]."  (*Id.* at 8.)

On June 13, 2022, the District Court denied Plaintiff's motion for leave to file an amended complaint because the motion sought "to reassert the claims" that were "already dismissed (without leave to amend) from this action."  (ECF No. 8, at 1.)  On August 30, 2022, Defendant filed his Rule 12(b)(6) Motion to Dismiss.  (ECF No. 10.)

In his motion, Defendant argues that Plaintiff's access-to-courts claim fails to (1) allege an actual injury to a non-frivolous ongoing or contemplated Criminal Appeal, Habeas Proceeding, or § 1983 action because the California Court of Appeal held that his appeal was without merit; (2) plead sufficient facts alleging Defendant personally participated in the alleged constitutional deprivation; and (3) demonstrate Plaintiff's

constitutional rights were violated because even if Defendant had participated in a constitutional deprivation by confiscating Plaintiff's supplemental brief, the extension to file a supplemental appellate brief had already expired by the time Defendant became aware of Plaintiff's confiscated mail. (*Id.*)  Defendant also requests that this Court take judicial notice of the existence and content of his exhibits, including the June 2022 opinion from the California Court of Appeal denying relief in Plaintiff's criminal case in which he alleges he intended to file the supplemental brief at issue and a notice from the Court Clerk of the California Court of Appeal extending the deadline to file the supplemental brief. (*Id.*)

Plaintiff filed an Opposition to the Motion on September 29, 2022, and Defendant replied on October 14, 2022.  (*See* ECF Nos. 12, 13.)

## III.  LEGAL STANDARDS

### A. Claim under 42 U.S.C. § 1983

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Section 1983 offers no substantive legal rights, but rather provides procedural protections for federal rights granted elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  "Section 1983 is a 'vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials.'" *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006)).  "'To state a claim under § 1983, a plaintiff must [1] allege the violation of a right secured by the Constitution and laws of the United States, and [2] . . . show that the alleged deprivation was committed by a person acting under color of state law.'" *Id.* at 1035-36 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id.* at 1036 (citing *Iqbal*, 556 U.S. at 678; *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000); and *Price v. Hawaii,* 939 F.2d 702, 707-09 (9th Cir. 1991).

**B. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A motion to dismiss should be granted if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). However, it is not necessary for the Court "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[T]hreadbare recitals" of the elements of a cause of action "supported by mere conclusory statements" are not enough. *Ashcroft*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.

**C. Standards Applicable to Pro Se Litigants**

Pleadings drafted by pro se inmates such as plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and the Court must construe them "liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks omitted). "A document filed pro se is 'to be liberally construed,' [. . .] and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, while giving liberal interpretation to a pro se civil rights complaint, a court

may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation marks omitted).

## IV.   DISCUSSION

### A. Request for Judicial Notice

First, Defendant requests that the Court take judicial notice of the California Court of Appeal opinion denying relief in Plaintiff's criminal case and the notice from the Court Clerk of the California Court of Appeal extending Plaintiff's deadline to file his supplemental brief.  (ECF No. 10.)

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  In other words, "the fact must be one that only an unreasonable person would insist on disputing." *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).  "Federal Rule of Evidence 201 permits the Court to take judicial notice of facts not subject to reasonable dispute because they are generally known or because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *Singanonh v. Langslet*, No. 2:18-CV-00159-WBS-DMC-P, 2020 WL 7239586, at \*2 (E.D. Cal. Dec. 9, 2020), report and recommendation adopted, No. 2:18-CV-0159-WBS-DMC-P, 2021 WL 809291 (E.D. Cal. Mar. 3, 2021).

A federal court may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005) (noting that a federal court may "take judicial notice of a state court decision and the briefs filed in that court to determine if an issue was

raised and decided by the state court for res judicata purposes."); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of a California Court of Appeal opinion "and the briefs filed in that proceeding and in the trial proceeding and in the trial court" for the purposes of analyzing issue preclusion).  The court may also take judicial notice of matters of public record.  *See U.S. v. 14.02 Acres of Land*, 530 F.3d 883, 894 (9th Cir. 2008).  Likewise, judicial notice is appropriate when government entities make information publicly available and neither party disputes the information's authenticity or accuracy.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  Courts may not, however, take judicial notice of disputed facts in public records.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

The California Court of Appeal opinion and the notice extending the filing deadline for the supplemental brief are matters of public record not subject to reasonable dispute, and are capable of accurate, ready determination from sources whose accuracy cannot reasonably be questioned.  *See, e.g., Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2005); *see also Munoz v. Cal. Dep't of Corrs.*, No. CV 18-10264-CJC (KS), 2020 WL 5199517, at *3 (C.D. Cal. July 24, 2020); *Greene v. Tilton*, No. 2:09-cv-0793 JAM JFM (PC), 2012 WL 691704, at *5 (E.D. Cal. Mar. 2, 2012).  Although Plaintiff discusses the contents of these documents in his Complaint and Opposition, he does not dispute their accuracy or authenticity.  In fact, Plaintiff includes the same California Court of Appeal opinion in his Complaint.  (ECF No. 1 at 19-22.)  Accordingly, IT IS RECOMMENDED that the Court GRANT Defendant's request for judicial notice.

**B. Plaintiff's access-to-courts claim fails to state a claim for relief because there is no actual injury to a non-frivolous ongoing or contemplated § 1983 action**

1.   Legal Standard

Our Supreme Court has stated that "[i]t is beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  The right is limited to direct criminal appeals, habeas petitions, and § 1983 civil rights actions.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

In *Bounds*, the Court held that the right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. More recent decisions, however, have qualified this conclusion in relevant ways. In *Lewis*, the Court clarified that the basic right provides for access to courts rather than any particular means of access—such as library resources or free transcripts. *Lewis*, 518 U.S. at 351. Thus, an actual injury to the right requires a showing that the prisoner was "hindered [in] his efforts to pursue a legal claim." *Id.* In other words, the Court construed *Bounds* to require that states provide inmates with only the "tools [. . .] need[ed] to attack their sentences, directly or collaterally, and [. . .] to challenge the conditions of their confinement." *Id.* at 355.

Our Supreme Court has divided access to courts claims into two distinct categories. *Christopher v. Harbury*, 526 U.S. 403, 415 (2002). The first is forward-looking access claims, which allege that a state actor is currently frustrating the plaintiff's attempt to prepare or file a suit. *Id.* at 413. The second is backward-looking access claims, those in which a state actor has impeded the plaintiff bringing past claims that cannot now be brought "or tried with all material evidence[,] no matter what official action may be in the future." *Harbury*, 536 U.S. at 414. In a "backward-looking" access-to-courts claim, a plaintiff must identify: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that is "not otherwise available in some suit that may yet be brought." *Id.* at 415, 417-18.

In both categories, "the point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Harbury*, 536 U.S. at 414-15. From this perspective, an access to courts claim is regarded as "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.

In addition to the affirmative duty of prison officials to assist prisoners in preparing to file litigation challenging convictions or conditions of confinement, prisoners have the right to litigate such claims "without active interference." *Silva*, 658 F.3d at 1097 (emphasis omitted). The Ninth Circuit has explained that where intentional interference is a factor, the right of access to courts does not stop at the pleading stage of civil rights or habeas litigation. *Id.* at 1103 (citing *Lewis*, 518 U.S. at 355; *Bounds*, 430 U.S. at 828). In other words, once the litigation of a habeas or civil rights claim has advanced beyond the pleading stage, prisoners also have the right to serve and file necessary documents, send and receive communications to and from judges and lawyers, and assert and sustain defenses related to such matters without barriers by state actors. *See id.* (citing *Vigliotto v. Terry*, 873, F.2d 1201, 1202 (9th Cir. 1989) (stating that a defendant is deprived of due process if the defendant's trial transcripts are confiscated by prison officials before an appeal)).

In *Silva*, the plaintiff's complaint alleged that as the plaintiff was repeatedly transferred between different prison facilities, prison officials withheld his legal documents to hinder his litigation of his pending civil lawsuits. *Id.* at 1104. The Ninth Circuit held that these facts sufficiently alleged an actual injury under *Lewis* because the prison officials' actions caused several of the plaintiff's lawsuits to be dismissed. *See id.* Thus, in *Silva*, the prison officials' actions alone were sufficient grounds for the plaintiff's complaint to go forward. *See id.*

It is important to note that the Ninth Circuit does not assess whether a plaintiff's underlying claim would ultimately have been successful. The deprivation inflicts an actual injury because the opportunity to present a nonfrivolous claim itself is inherently something of value to a plaintiff. *See Arellano v. Blahnik*, No. 16cv2412-CAB (MSB), 2020 WL 3639661, at *15 (S.D. Cal. July 2, 2020), report and recommendation adopted sub nom. *Arrellano v. Blahnik*, No. 16cv2412-CAB (MSB), 2020 WL 5757963 (S.D. Cal. Sept. 28, 2020) (citing *Phillips*, 477 F.3d at 1083).

Accordingly, to demonstrate the existence of a nonfrivolous claim, Plaintiff "need not show, ex post, that [he] would have been successful on the merits had [his] claims been considered." *Allen v. Sakai*, 48 F.3d 1082, 1085 (9th Cir. 1994).  To hold otherwise "would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to access on the chance that the prisoner's claim would eventually be deemed frivolous." *Id.* (internal quotation marks omitted).  Instead, a plaintiff need only make a showing that the claims he sought to pursue were "non-frivolous," however slim their chances at success may be.  *Arellano*, 2020 WL 3639661, at *15.

Finally, because "backward-looking" access-to-courts claims allege the opportunity to present the underlying claim that has been lost, Plaintiff must specifically describe the underlying claim to demonstrate that this claim is based on "more than hope."  *Harbury*, 536 U.S. at 416.  A prisoner's right to access courts does not include the right to present frivolous claims.  *See Smith v. Robbins*, 528 U.S. 259, 278 (2000) (Indigent defendants "generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal."); *Lewis*, 518 U.S. at 353 n.3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.").

### 2.   Analysis

First, since Plaintiff alleges Defendant's actions caused him to miss his supplemental brief deadline with the California Court of Appeal, his claim is "backward-looking."  *See Urmancheev v. Anglea*, No. 119-cv-00791-DAD-JLT (PC), 2020 WL 1904818, at *2 (E.D. Cal. Apr. 17, 2020).  In his criminal case, Plaintiff was appointed counsel after he filed a timely notice of appeal in the California Court of Appeal.  (ECF Nos. 1 at 22; 10 at 6.)  His counsel then filed a brief in which counsel raised no issues and asked the Court to follow

the procedures set forth in *Wende*.[3]  (*Id.*)  The California Court of Appeal notified Plaintiff that his appointed attorney had filed a *Wende* brief, and that Plaintiff could file a supplemental appellate brief regarding any grounds for an appeal, or contentions or arguments he wished the court to consider.  (*Id.*)

In his motion to dismiss, Defendant argues that "Plaintiff's access-to-courts cause of action should be dismissed because Plaintiff's underlying appeal was frivolous[,]" and Plaintiff, therefore, has suffered no "actual injury."  (ECF No. 10 at 11.)  Defendant notes that "Plaintiff's appointed appellant counsel reviewed the record on Plaintiff's petition for resentencing and determined that there were no issues he could raise."  (*Id.* at 13.) Defendant notes that "Plaintiff's attorney therefore filed a *Wende* [b]rief with the court of appeal raising no arguable issues and requested the court perform an independent review." (*Id.*)  Defendant further notes that "the court of appeal independently reviewed the record to determine whether there was a non-frivolous claim and found none" and that the "court of appeal did not deny Plaintiff's appeal because it did not receive his supplemental brief" but rather that "the court affirmed the lower court's ruling because it could not identify a non-frivolous issue."  (*Id.* at 14.)

In *Urmancheev*, the court noted that the *Wende* brief filed by counsel "admits implicitly that an appeal is frivolous," regardless of whether the prisoner files the supplemental brief.  *Urmancheev*, 2020 WL 1904818, at *3.  The court reasoned that the

---

[3] *People v. Wende*, 25 Cal.3d 436 (1979).  Under *Wende*, after having concluded that an appeal would be frivolous, appellate counsel may file a brief with the appellate court that summarizes the procedural and factual history of the case and attests that counsel has reviewed the record, explained his or her evaluation of the case to the client, provided the client with a copy of the brief, and informed the client of his or her right to file a pro se supplemental appellate brief.  *Smith*, 528 U.S. at 265 (citing *Wende*, 25 Cal.3d at 441-42). The appellate court then conducts a review of the entire record; if, as was the case here, the appellate court finds no arguable issues, the appellate court denies relief.  *Id.* at 265-66.  In *Smith*, the Supreme Court held that the *Wende* procedure was constitutional.  *See* 528 U.S. at 276, 278-79.

"*Wende* procedure requires the court of appeal to scour the record to determine whether there are non-frivolous arguable issues regardless of whether Plaintiff filed a brief" to independently determine whether to affirm the conviction." *Id.* And while prisoners "generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith*, 528 U.S. at 265.

In this case, after Plaintiff's counsel filed a *Wende* brief, the California Court of Appeal examined the entire record to determine whether there were any non-frivolous arguable issues. (ECF No. 1 at 22; 10 at 6.) After doing so, the court concluded "no arguable issues exist in the appeal." (ECF No. 1 at 22; 10 at 6.) Thus, neither Plaintiff's appointed counsel nor the California Court of Appeal found that Plaintiff's criminal case had any non-frivolous arguable issues, satisfying *Wende*.

In his complaint, Plaintiff alleges that Defendant notified him on or about May 30, 2021, that a legal manilla envelope with Petitioner's name on it, which Plaintiff alleges contained his supplemental appellate brief, had been confiscated at another facility. (ECF No. 1 at 3.) Plaintiff alleges that Defendant confiscated the supplemental appellate brief and withheld the documents, causing the Court of Appeals to deny his appeal. Plaintiff alleges that "[t]his was [his] one and only chance to prove his case, and possibly [his] release." (*Id.* at 4.)

The allegation that his supplemental brief was his only chance to prove his case and possibly get him released from prison is conclusory. And, although Plaintiff's "opportunity to present a nonfrivolous claim itself is inherently something of value to a plaintiff," *see Arellano v. Blahnik*, No. 16-cv-2412-CAB (MSB), at *15, Plaintiff has not alleged a nonfrivolous claim related to his criminal case that he made in his supplemental brief. Instead, his conclusory allegation that his brief was his chance to prove his case and "possibly" get him released from prison is based on nothing more than hope. *See Harbury*, 536 U.S. at 416; *see Rushdan v. R. Gear*, 744 Fed. Appx. 510, 511 (9th Cir. 2018) (holding that the district court, which had held that it was not enough for plaintiff merely to conclude

that his underlying claim was non-frivolous, had properly dismissed the prisoner's access-to-courts claim because the prisoner failed to allege facts sufficient to show that prison officials caused an actual injury to a nonfrivolous legal claim).

The Court also notes that although California state law permits filing a pro se supplemental appellate brief when appellate counsel has filed a *Wende* brief, there is no federal constitutional right to file a supplemental appellate brief. *See Sturgis v. Shaffer*, No. 11-03667-SBA (PR), 2014 WL 4471417, at *14 (N.D. Cal. Sept. 10, 2014) (citing *McMeans v. Brigano*, 228 F.3d 674, 684 (6th Cir. 2000); *Nelson v. Lackner*, 2013 WL 6178544, at * 12-* 13 (E.D. Cal. Nov. 22, 2013)).

Accepting the allegations in Plaintiff's First Amendment access-to-courts claim as true and construing them in the light most favorable to the non-moving party, Plaintiff fails to state a cognizable claim. IT IS RECOMMENDED that the First Amendment access-to-courts claim be DISMISSED on this ground.

### C. Plaintiff's complaint fails to allege that Defendant personally participated in frustrating access to courts or that Defendant caused the access-to-courts violation

1. <u>Legal Standard</u>

Suits against government officials in their individual capacity under § 1983 "seek to impose personal liability upon a government official for actions he takes under color of state law." *Graham*, 473 U.S. at 165. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In short, "there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

"Anyone who 'causes' any citizen to be subjected to a constitutional deprivation is also liable." *Johnson*, 588 F.2d at 743-44. "The requisite causal connection can be

established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* Although individual governmental agents may still be held liable for group participation in unlawful conduct, there must nevertheless be some showing of "individual participation in the unlawful conduct" for imposition of liability under § 1983. *Jones*, 297 F.3d at 935. Absent such individual participation, an officer cannot be held liable based solely on membership in a group or team that engages in unconstitutional conduct unless each officer had "integral participation" in the constitutional violation alleged. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). Finally, "bald and conclusory allegations are insufficient to establish individual liability under 42 U.S.C. § 1983." *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012) (internal quotation marks omitted); *see Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013) (holding that "conclusory allegations" that a supervisory defendant "directed" other defendants, without factual assertions to support the allegation, were insufficient to defeat a motion to dismiss).

### 2.  Analysis

Plaintiff's allegations fail to connect Defendant, personally, to any alleged deprivation of Plaintiff's constitutional rights. Plaintiff's allegation that Defendant, "on or about May 30, 2021, had notified [Plaintiff] about a legal manilla envelope with [Plaintiff's] name on the envelope, that had been confiscated at another facility mailed by his personal paralegal representative, which contained an important 'Supplemental Brief' the paralegal had mailed to the Court of Appeal" (ECF No. 1 at 3.), is insufficient to establish that Defendant personally violated Plaintiff's constitutional rights. *See Johnson*, 588 F.2d at 743. Plaintiff's allegations that do try to connect Defendant, personally, to the alleged confiscation and withholding, consist only of his statements that "his legal documents (Supplemental Brief) that had been confiscated from [sic] Sgt. Ramos" (ECF No. 1 at 3), and that "due to Sgt. Ramos withholding these documents which were important, it had caused [sic] a major delay but most importantly it caused the Court of

Appeal to deny Petitioner's Appeal" (*Id.* at 4).  These statements, however, are conclusory, have no supporting factual allegations, and are contradicted by Plaintiff, who alleges that Defendant had notified him that the document had been confiscated at another facility.

Plaintiff has not alleged that Defendant participated in another's affirmative acts or that Defendant failed to perform an act he was legally required to do that caused the constitutional deprivation.  Besides the conclusory allegations that Defendant confiscated and withheld the supplemental appellate brief, the only specific affirmative act that Plaintiff attributes to Defendant is that he notified Plaintiff that there was a legal manilla envelope bearing Plaintiff's name, which had been confiscated at another facility.  (*See id.* at 3.) Defendant's notification to Plaintiff that the envelope had been confiscated fails to state a claim of causal connection between Defendant's conduct and the alleged constitutional deprivation.

In his Opposition, Plaintiff attempts to demonstrate Defendant's personal participation by stating "[i]t is also very easy to determine that Sergeant Ramos confiscated Plaintiff's mail legal documents because the Sergeant is the only one that [sic] makes those decisions[.]"  (ECF No. 12 at 2.)  Plaintiff argues that Defendant was a supervisor, had a position of power, or had influence over decisions made regarding the confiscation.  There is, however, no respondeat superior liability under § 1983, so Defendant cannot be held liable simply by virtue of his alleged supervisory role.  *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

Accordingly, Plaintiff fails to provide sufficient facts to state a claim as to Defendant's personal involvement in the alleged confiscation of the supplemental appellate brief and the causal connection between Defendant's conduct and the alleged constitutional deprivation.  IT IS RECOMMENDED that the First Amendment access-to-courts claim be DISMISSED on this ground as well.

**D. Plaintiff's complaint fails to state a claim because even if Defendant had confiscated Plaintiff's supplemental brief, the extension of time to file the**

**brief had expired by the time Defendant became aware of the confiscated mail**

The allegations in Plaintiff's Complaint are that "on or about May 30, 2021, Sgt Ramos . . . had notified him about a manilla envolope [sic] with Petitioner's name on the envolope [sic], that had been confiscated at another facility mailed by his personal Paralegal Representative, which contained an important 'Supplemental Brief' the Paralegal had mailed to the Court of Appeal." (ECF No. 1 at 3.)  Plaintiff also alleges that his mail had been confiscated and that "due to Sgt. Ramos withholding these documents . . . it . . . caused a major delay . . . [and] caused the Court of Appeal to deny [his] appeal." (*Id.* at 4.)  The brief had been due by May 21, 2021, and Plaintiff does not allege any act of Defendant that occurred before May 30, 2021.  Therefore, Plaintiff's Complaint does not allege that Defendant had anything to do with Plaintiff failing to timely file his brief.  Plaintiff's allegations simply do not connect his untimely brief with any alleged act of Defendant before May 30, 2021.  All Plaintiff's allegations show is that when Defendant told Plaintiff the mail had been confiscated on May 30, 2021, the brief was in the possession of prison officials, and was already untimely.  For that reason as well, IT IS RECOMMENDED that the First Amendment access-to-courts claim be DISMISSED.

**E. Plaintiff's New Claim Regarding his Legal Mail Should not be Considered**

In his Opposition, Plaintiff raises a new issue, one not addressed in his Complaint.  Plaintiff's new issue is that California law does not permit anyone to read legal mail.  (ECF No. 12 at 1-3.)  Plaintiff cites a case for the proposition that reading legal mail violates a prisoner's rights under the First and Sixth Amendments to the United States Constitution.  (*Id.* at 2.)  Plaintiff fails to specify the legal mail or legal mail contents to which he refers, and the new issue cannot be addressed by the Court.

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond a plaintiff's complaint.  *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take

into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")).  The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint. Further, a "defendant must have fair notice of the claims and the grounds for relief.  As such, Plaintiff may not raise new claims or new grounds for relief in [an] opposition[.]" *See Allen v. Beard*, No. 3:16-cv-2713-MMA-KSC, 2019 WL 2501925, at *2 n.3 (S.D. Cal. June 17, 2019) (citing *Pickern v. Pier I Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)) (internal quotations omitted); *see also Johns v. Hjerpe*, No. 14cv02995-MMA (KSC), 2017 WL 822170, at *2 n.4 (S.D. Cal. Mar. 1, 2017) (Since a defendant must have "fair notice" of the claims and the grounds for relief, Plaintiff cannot raise new claims or factual allegations in opposition to Defendant's summary judgment motion. (citing *Pickern*, 457 F.3d at 968)).

Plaintiff's Complaint involves allegations surrounding the alleged confiscation of his supplemental appellate brief and his later attempts through grievances to try to get the supplemental appellate brief.  (*See* ECF No. 1.)  Plaintiff alleges no claim for a constitutional violation for reading legal mail.  (*Id.*)  Thus, the Complaint gives Defendant no notice of the specific factual allegations that Plaintiff has included in his Opposition Brief, and Plaintiff did not request and was not granted leave to amend his Complaint. Therefore, IT IS RECOMMENDED that the Court not address the claim.

## V.   CONCLUSION & RECOMMENDATION

For the reasons discussed, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING** Defendant's Motion to Dismiss (ECF No. 10); and (3) **DISMISSING** Plaintiff's Complaint.

**IT IS ORDERED** that no later than **February 9, 2023**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objection to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 23, 2023**.  The parties are advised that failure to file objections within the specified time frame may result in a waiver of the right to raise those objections in an appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  January 12, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge