UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN TOSCANO,<br><br>        Plaintiff,<br><br>v.<br><br>SERGEANT RAMOS,<br><br>        Defendant. | Case No.:  22-cv-0321-CAB-BGS<br><br>**ORDER (1) ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION; and (2) DISMISSING CASE WITH LEAVE TO AMEND**<br><br>**[Doc. Nos. 10, 14]** |

  Plaintiff Adrian Toscano ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed his Complaint on March 7, 2022, alleging Defendant Sergeant Ramos and F. Guzman violated his rights under 42 U.S.C. § 1983. [Doc. No. 1]. On May 10, 2022, this Court issued an order granting Plaintiff's request to proceed *in forma pauperis* and dismissing claims against Defendant F. Guzman. [Doc. No. 5]. On August 30, 2022, Defendant Ramos filed a motion to dismiss Plaintiff's complaint and requested the Court

to take judicial notice of certain California state court records. [Doc. No. 10].[1] Plaintiff filed an opposition to Defendant's motion to dismiss on September 29, 2022. [Doc. No. 12]. Defendant filed a reply to Plaintiff's opposition on October 14, 2022. [Doc. No. 13].

On January 12, 2023, Magistrate Judge Bernard G. Skomal issued a Report and Recommendation Granting Defendant's Motion to Dismiss (the "Report"). [Doc. No. 14]. On February 2, 2023, Plaintiff filed an Objection to the Report. [Doc. No. 15]. On February 23, 2023, Defendant filed a reply to Plaintiff's Objection. [Doc. No. 16]. Plaintiff filed a response to Defendant's reply on March 23, 2023. [Doc. No. 17]. Having reviewed the matter *de novo* and for the reasons that follow, the Report is **ADOPTED IN PART** and the motion to dismiss is **GRANTED**.

## I. REVIEW OF REPORT AND RECOMMENDATION[2]

The duties of the district court in connection with the report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F. 3d 992, n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

Plaintiff claims Defendant deprived him of his First Amendment right to access the courts when his *pro se* supplemental brief for appeal was allegedly confiscated and the confiscation caused him to miss the filing deadline. Defendant argues this case should be dismissed because: (1) Plaintiff's brief was frivolous and therefore he did not suffer an "actual injury"; (2) Plaintiff has failed to demonstrate Defendant was personally involved

---

[1] Defendant's request for judicial notice [Doc. No. 10-1] is **GRANTED**.

[2] The Report accurately sets forth the Background and Legal Standards for this motion to dismiss, and those sections of the Report are incorporated herein. [Doc. No. 14 at 2-6].

in the confiscation of his brief; and (3) Plaintiff's rights were not violated because his brief was past-due when Defendant notified Plaintiff of the confiscation.

Magistrate Judge Skomal recommends that the motion to dismiss should be granted on all three grounds identified by Defendant. Plaintiff appears to broadly object to the entirety of the Report, but his analysis focuses on the Report's characterization of the facts surrounding the confiscation of his documents. [Doc. No. 15]. In his objection, he claims Defendant "admitted to the confiscating of Plaintiff's legal mail," which is a characterization not included in the Complaint. [Doc. No. 15 at 6]. In his surreply, Plaintiff alleges Defendant was personally involved in the confiscation of his documents because Defendant oversees the area in which Plaintiff resides. [Doc. No. 17 at 2]. Upon review of the record, the Court finds the factual background in the Report is an accurate representation of the allegations in the Complaint, and therefore **REJECTS** Plaintiff's objection.

## II.   DISCUSSION

### A. Dismissal Based on "Actual Injury"

The Report contends Plaintiff suffered no actual injury because the supplemental brief he attempted to file with the Court of Appeal was frivolous. Specifically, the Report concludes Plaintiff's brief was frivolous because a *Wende* brief was filed, and the Court of Appeal found no grounds for relief.[3] The Report held that there is no federal right to file a *pro se* supplemental brief. This Court finds that is not a basis for dismissal due to Ninth Circuit precedent on the issue.

In *Hebbe v. Pliler*, 627 F.3d 228 (9th Cir. 2010), a plaintiff prisoner was prevented from using the prison's law library to write his *pro se* supplemental brief in response to his former attorney's *Wende* brief. The California Court of Appeal, upon an independent

---

[3] A *Wende* brief is filed by appellate counsel when he finds no legitimate issues for appeal. *See People v. Wende*, 25 Cal.3d 436 (1979). If a *Wende* brief is filed, a court of appeal will allow a criminal defendant to file a supplemental brief, *pro se*, to argue the merits of their case.

3

review of the record, found that the plaintiff in *Hebbe* would have no relief and dismissed his case before he was able to file his brief. *See* Brief for Appellee at 22, *Hebbe v. Pliler*, 627 F.3d 228 (9th Cir. 2010) (No. 07-17265), 2008 WL 1723081. The Ninth Circuit found that the plaintiff in *Hebbe* "wished simply to appeal his conviction, as was his fundamental right." *Hebbe*, 627 F.3d at 343. The filing of the *Wende* brief did not "necessarily demonstrate that there were no nonfrivolous claims that [the plaintiff] might raise on appeal." *Id.*

In similar circumstances as those presented in *Hebbe*, Plaintiff's appeal was denied after his counsel filed a *Wende* brief and the Court of Appeal conducted an independent review of the record. Just as the plaintiff in *Hebbe* argued frustration of his ability to file his *pro se* supplemental brief due to lack of access to the law library, Plaintiff alleges he was frustrated in his efforts of appeal when his *pro se* supplemental brief was confiscated by prison officials. In line with Ninth Circuit precedent, the Court does not find Plaintiff's underlying claim is frivolous merely because his attorney filed a *Wende* brief and the Court of Appeal found no relief. As such, the Court **REJECTS** this analysis of the Report [Doc. No. 14 at 10-13] and the motion to dismiss as to this issue is **DENIED.**

**B. Dismissal Based on Failure to Allege Defendant's Personal Participation in the Confiscation of the Brief**

The Report recommends this case should be dismissed because Plaintiff fails to allege facts indicating Defendant personally participated in the confiscation of his brief. Upon review of the record, the Court cannot ascertain the factual circumstances surrounding the confiscation of Plaintiff's supplemental brief. The complaint is vague as to the specifics of how, when, and where his materials were confiscated. Plaintiff has not sufficiently alleged facts indicating Defendant personally participated in the confiscation of his brief in violation of Plaintiff's First Amendment right to access the courts. Accordingly, the Court **ADOPTS** the Report's section on Plaintiff's failure to state a claim against the Defendant [Doc. No. 14 at 13-15] and **GRANTS** Defendant's motion to dismiss on that ground with leave to amend.

**C. Dismissal Based on Timeliness**

The Report recommends this case should be dismissed because Plaintiff has failed to allege Defendant participated in the confiscation of his brief prior to the deadline imposed by the Court of Appeal. The Court agrees, and hereby **ADOPTS** the Report's section on timeliness [Doc. No. 14 at 15-16]. Defendant's motion to dismiss on that ground is **GRANTED** with leave to amend.

III.     **CONCLUSION**

The Court has conducted a *de novo* review of the Report and **hereby ORDERS** that:

1. The Report is **ADOPTED IN PART**.
2. Plaintiff's objection is **REJECTED.**
3. The motion to dismiss based on "actual injury" is **DENIED** based on the Ninth Circuit's decision in *Hebbe*.
4. The motion to dismiss based on Plaintiff's failure to allege Defendant personally participated in the violation of his rights is **GRANTED with leave to amend.**
5. The motion to dismiss based on timeliness is **GRANTED with leave to amend.**
6. Plaintiff has until **May 5, 2023** to file an amended complaint, complete in itself, addressing the issues identified above. If no amended complaint is filed by **May 5, 2023**, the Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated:  March 30, 2023

Hon. Cathy Ann Bencivengo
United States District Judge