UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN TOSCANO,<br>CDCR #V-19411,<br><br>                                        Plaintiff,<br><br>v.<br><br>SERGEANT RAMOS,<br><br>                                        Defendant. | Case No.:  22-cv-0321-CAB-BGS<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF NO. 20]** |

Presently before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Sergeant M. Ramos on May 18, 2023, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.) On June 12, 2023, Plaintiff Adrian Toscano filed an opposition to the motion. (ECF No. 22.)[1] On June 22, 2023, Defendant filed a reply. (ECF No. 23.) On July 10, 2023, Plaintiff filed a brief captioned as a "Reply

---

[1] Plaintiff's opposition is captioned as "Plaintiff's Reply Notice of Motion and Motion to Grant Plaintiff's First Amended Complaint" (ECF No. 22 at 1), leading the Clerk of Court to docket the filing as a separate motion. (*See* Docket.) Based on the timing and content of this filing, however, the Court construes it as Plaintiff's opposition to Defendant's motion to dismiss his First Amended Complaint. The Court directs the Clerk of Court to update the docket accordingly.

to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint," which the Court construes as a sur-reply. (ECF No. 24.)[2]

This Report and Recommendation is submitted to United States District Judge Cathy Ann Bencivengo pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c). For the reasons discussed below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED IN PART and DENIED IN PART**, and this action be **DISMISSED**.

## I.    BACKGROUND

### A.    Plaintiff's Allegations

Plaintiff, a state prisoner incarcerated at Centinela State Prison, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's First Amended Complaint alleges that on May 30, 2021, Defendant Ramos advised Plaintiff that he had legal mail in a manila envelope belonging to Plaintiff. (ECF No. 19 at 4.)[3] Plaintiff asserts that Defendant Ramos personally picked up the legal mail from the prison mailroom, came to Plaintiff's housing unit, told Plaintiff that he would be examining the mail, and asked Plaintiff if the mail contained anything illegal. (*Id.* at 5.) Plaintiff states that he informed Defendant that a court deadline was "near" and there was "no illegal violation." (*Id.*) Plaintiff alleges that Defendant stated that he would

---

[2] The Civil Local Rules do not allow for sur-replies. The Court in its discretion may allow the filing of a sur-reply; however, this discretion should be exercised in favor of allowing a sur-reply only when a valid reason for such additional briefing exists. *Johnson v. Wennes*, No. 08-CV-1798-L(JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009). In view of Plaintiff's status as a pro se litigant, and his apparent confusion regarding the filing requirements regarding Defendant's motion to dismiss, notwithstanding the briefing schedule issued by the Court on May 19, 2023 (ECF No. 21), the Court accepts Plaintiff's sur-reply and has considered the contents contained therein. Plaintiff is cautioned, however, that he must strictly adhere to the Court's orders in the future.

[3] The Court's citations to the docket refer to the page numbers affixed by the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

personally "make sure" that the envelope would be mailed on time. (*Id.*) Plaintiff states that Defendant placed the mail in his bag and walked away. (*Id.*) Plaintiff asserts that the legal mail consisted of a supplemental brief prepared by his personal paralegal representative. (*Id.* at 4.) He further contends that his representative sent the supplemental brief directly to the California Second District Court of Appeal. (*Id.*; *see also id.* at 28.) The supplemental brief was due by May 21, 2021. (*Id.* at 4.)

The attachments to Plaintiff's First Amended Complaint reflect that in February 2019, Plaintiff filed a petition for resentencing under California Penal Code section 1170.95 in the Superior Court of Los Angeles County and requested the appointment of counsel. (*Id.* at 36.) Counsel was appointed. (*Id.*) On November 16, 2020, the trial court denied the petition. (*Id.* at 36-37.) Plaintiff filed a timely notice of appeal in the Court of Appeal of the State of California, Second Appellate District. (*Id.* at 32, 37.) The appellate court appointed counsel to represent Plaintiff. (*Id.* at 27.) Appointed counsel filed a brief pursuant to *People v. Wende*, 25 Cal.3d 436 (1979), in which no issues were raised. (*Id.*) On March 22, 2021, the Court of Appeal notified Plaintiff that his attorney had filed a brief that raised no issues and that "he could submit by brief or letter any grounds for an appeal, or contentions or arguments he wished this court to consider." (*Id.*) On April 26, 2021, the appellate court extended the deadline for Plaintiff to file a supplemental brief to May 21, 2021. (*Id.* at 34.) The court did not receive a response from Plaintiff. (*Id.* at 37.) On June 10, 2021, the Court of Appeal affirmed the trial court's order denying the petition for resentencing. (*Id.* at 32-33.) The appellate court found:

> Because Toscano was convicted under a valid theory of murder that survived the changes to sections 188 and 189 [of the California Penal Code], he is ineligible for relief under section 1170.95. We have examined the entire record, and are satisfied appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist in the appeal before us. [Citations omitted.]

(*Id.* at 37.)

On July 18, 2021, Plaintiff filed a California Department of Corrections and Rehabilitation ("CDCR") Form 602 Appeal in which he contended that Defendant's withholding of his supplemental brief caused the Court of Appeal to deny his appeal. (*Id.* at 30.) He also noted that the brief had not yet been returned to him. (*Id.*) He requested that Defendant "find a way to convince the Court of Appeal to reconsider" his case. (*Id.*) On September 17, 2021, the CDCR disapproved Plaintiff's appeal. (*Id.* at 28.) The appeal decision states: "In accordance with policy, all undelivered letters and packages returned to a facility by the post office shall be opened and inspected before being returned to the inmate." (*Id.*) The purpose of the inspection is to determine if the mail originated with the inmate sender identified on the mail, and to prevent the transmission of contraband into the facility. (*Id.*) According to the appeal decision, both Plaintiff and Defendant were interviewed, and both stated that the envelope returned by the USPS [United States Postal Service] did not originate from Plaintiff. (*Id.*) Plaintiff indicated that the mail had originated from another inmate but declined to identify the inmate. (*Id.*) In his opposition to the current motion, Plaintiff speculates that the mail may have been returned by the post office due to "possible postage needed." (ECF No. 22 at 2.)[4]

## B. Procedural History

In his original Complaint, filed on March 7, 2022, Plaintiff alleged that Defendants Sergeant Ramos and F. Guzman, Chief Deputy Warden, violated his Fifth, Eighth, and Fourteenth Amendment rights by confiscating his legal mail and denying his grievance

---

[4] Attached to Plaintiff's original Complaint, but not his First Amended Complaint, is a CDCR appeal decision dated February 1, 2022, finding that the mailing was not to or from a court of appeal as claimed by Plaintiff. (ECF No. 1-2 at 14.) Rather, the mailing label on the package indicated it was mailed to 300 South Santa Fe Ave., Apt. 228, Los Angeles, CA 90013-3101, which corresponds to a private apartment complex. (*Id.*) The decision also notes that outgoing legal mail sent from Centinela State Prison is required to be sealed in the presence of designated staff and signed across the back of the envelope, and photographs of the package indicated the package did not have the required signature. (*Id.*)

appeals. (ECF No. 1.) On May 10, 2022, the District Court issued a screening order finding that the allegations in the Complaint were sufficient to plausibly state a First Amendment access to courts claim against Defendant Ramos. (ECF No. 5 at 8.) The screening order dismissed the claims asserted against Defendant F. Guzman. (*Id.* at 8-9.) On June 13, 2022, the District Court denied Plaintiff's motion for leave to file an amended complaint because Plaintiff sought to "reassert the claims and defendant already dismissed" without leave to amend. (ECF No. 8 at 1.) The Court ordered that the case would proceed as to the First Amendment access to courts claim against Defendant Ramos only. (*Id.* at 2.)

On August 30, 2022, Defendant Ramos filed a motion to dismiss Plaintiff's Complaint for failure to state a claim based on three grounds: (1) Plaintiff's underlying petition for resentencing was frivolous and therefore he did not suffer an "actual injury"; (2) Plaintiff failed to demonstrate that Defendant was personally involved in the confiscation of his brief; and (3) Plaintiff's rights were not violated because his brief was past-due when Defendant notified Plaintiff of the confiscation. (ECF No. 10.) Plaintiff filed an opposition to the motion, and Defendant filed a reply. (ECF Nos. 12, 13.) On January 12, 2023, the undersigned issued a Report and Recommendation Granting Defendant's Motion to Dismiss Plaintiff's Complaint (the "Report"). (ECF No. 14.) On March 30, 2023, the District Court issued an order adopting the Report in part. (ECF No. 18.) Specifically, the Court ordered: (1) the motion to dismiss based on "actual injury" was DENIED pursuant to the Ninth's Circuit decision in *Hebbe v. Pliler*, 627 F.3d 228 (9th Cir. 2010); (2) the motion to dismiss based on Plaintiff's failure to allege Defendant personally participated in the violation of his rights was GRANTED with leave to amend; and (3) the motion to dismiss based on timeliness was GRANTED with leave to amend. (ECF No. 18 at 5.)

On May 4, 2023, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 19.)[5] Defendant Ramos presently moves for dismissal on the grounds that the FAC fails to allege any facts that could state a claim against him. (ECF No. 20.)[6]

## II.   LEGAL STANDARDS

### A.   42 U.S.C. § 1983

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). The statute "offers no substantive legal rights, but rather provides procedural protections for federal rights granted elsewhere." *Roberts v. Klein*, 770 F. Supp. 2d 1102, 1111 (D. Nev. 2011) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). "Section 1983 is a 'vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials.'" *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006)). "To state a claim under § 1983, a plaintiff must [1] allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law.'" *Id.* at 1035-36 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id.* at 1036 (citing *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000); *Price v. Hawaii,* 939 F.2d 702, 707-09 (9th Cir. 1991); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

/ / /

/ / /

---

[5] Plaintiff's First Amended Complaint is set forth in part on a form Petition for Writ of Habeas Corpus. (*See* ECF No. 19.)

[6] Defendant's request for judicial notice, attached to his motion to dismiss (ECF No. 20-1), is **GRANTED**. *See* Fed. R. Evid. 201.

**B.      Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 556 U.S. at 556). Although "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). In determining plausibility, the court is permitted "to draw on its judicial experience and common sense." *Id.* at 679.

When considering a Rule 12(b)(6) motion to dismiss, the court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007). "The court need not, however, accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

When resolving a motion to dismiss for failure to state a claim, the Court generally limits its review to the contents of the complaint. *Allarcam Pay Television Ltd. v. Gen.*

*Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995); *see also Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 ("The focus of any Rule 12(b)(6) dismissal . . . is the complaint."). This precludes consideration of "new" allegations that are raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). *Schneider*, 151 F.3d at 1197 n.1 (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed. 1997) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")). However, "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper without converting the motion to one for summary judgment." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). Additionally, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002)*; see also Stone v. Writer's Guild of Am. W., Inc.,* 101 F.3d 1312, 1313-14 (9th Cir. 1996)*.*

Claims asserted by pro se prisoners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, courts "continue to construe *pro se* filings liberally when evaluating them under *Iqbal*" and "afford the petitioner the benefit of any doubt." *Hebbe*, 627 F.3d at 342 (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

## C.   Access to Courts Under the First Amendment

Prisoners have a First Amendment right of access to the courts which guarantees them the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *See Lewis v. Casey*, 518 U.S. 343, 346, 356 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Jones v. Williams*, 791 F.3d 1023, 1035 (9th

Cir. 2015). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. It does "not create an abstract, freestanding right to … legal assistance," *id.* at 351, and does not "guarantee inmates the wherewithal to transform themselves into litigating engines." *Id.* at 355.

Claims of denial of access to the courts fall into two categories: forward-looking and backward-looking. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). "[T]he essence of [a forward-looking] access claim is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs[;] [t]he opportunity has not been lost for all time . . . but only in the short term." *Id.* at 413. Backward-looking access claims involve "specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Id.* at 413-14; *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference"), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). But the threshold requirement for any claim based on the denial of access to the courts is the allegation of an "actual injury." *See Lewis*, 518 U.S. at 351–53; *Silva*, 658 F.3d at 1104. "[A]ctual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge").

## III. DISCUSSION

### A. Deadline to File Plaintiff's Supplemental Appellate Brief Had Already Expired

Defendant first argues that the alleged confiscation of Plaintiff's mail did not frustrate the litigation of Plaintiff's underlying appeal from the denial of his petition for resentencing because the deadline to file his supplemental brief with the California Court of Appeal had already expired. (ECF No. 20 at 12.)

Plaintiff alleges that Defendant's actions caused him to miss his supplemental brief deadline with the California Court of Appeal. Thus, his claim is "backward-looking." A prisoner alleging a backward-looking access to courts claim must sufficiently plead: (1) a "nonfrivolous" and "arguable" underlying claim pled "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued"; (2) an act by a prison official which frustrated the litigation of the underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that is "not otherwise available in some suit that may yet be brought." *Harbury*, 536 U.S at 415, 417-18.

According to Plaintiff's FAC, the deadline for Plaintiff to file his supplemental brief was May 21, 2021. (ECF No. 19 at 4, 18; *see also id.* at 34 (notice by California Court of Appeal extending deadline to May 21, 2021).) On or about May 30, 2021, Plaintiff was advised by Defendant that he had a legal mail manila envelope containing Plaintiff's supplemental brief. (*Id.* at 4.) According to the FAC, all U.S. mail arrives to one facility mail room. (*Id.* at 5.) Plaintiff asserts that the mail room called Defendant, who personally picked up the mail. (*Id.*) Defendant then allegedly came directly to Plaintiff's housing unit where he made clear to Plaintiff that he would be examining the legal mail. (*Id.* at 5.)

Plaintiff fails to plead any facts that Defendant confiscated the legal mail prior to the May 21, 2021 deadline imposed by the Court of Appeal. Rather, he alleges that Defendant confiscated the brief on May 30, 2021, which was well after the May 21, 2021 deadline for Plaintiff to file his supplemental brief. Thus, assuming that Defendant did confiscate his legal mail, this action did not frustrate the litigation of his underlying appeal from the denial of his petition for resentencing.[7] Therefore, the Court recommends Defendant's motion to dismiss on this ground be GRANTED.

---

[7] On these same allegations, the District Court found in its March 30, 2023 Order that Plaintiff failed to allege that Defendant participated in the confiscation of his brief prior to the deadline imposed by the Court of Appeal. (ECF No. 18 at 5.)

22-cv-0321-CAB-BGS

**B.** **Defendant's Request for Reconsideration of the District Court's Prior Ruling Regarding Dismissal Based on "Actual Injury"**

Defendant next requests that the Court revisit its prior ruling that Plaintiff's underlying appeal was not frivolous. (ECF No. 20 at 15-19.) In its March 30, 2023 Order, the District Court, citing *Hebbe v. Pliler*, 627 F.3d 228 (9th Cir. 2010), held: "In line with Ninth Circuit precedent, the Court does not find Plaintiff's underlying claim is frivolous merely because his attorney filed a *Wende* brief and the Court of Appeal found no relief." (ECF No. 18 at 4.) Defendant, citing to his first motion to dismiss, argues that *Hebbe* is distinguishable because the California Court of Appeal performed an independent review of the record and found no triable, or nonfrivolous, issues. (ECF No. 20 at 15, citing ECF No. 10 at 11-14.)[8] Defendant thus argues that Plaintiff did not suffer an "actual injury" required to state a First Amendment access to court claim. (*Id.*; *see also Lewis*, 518 U.S. at 351–53 (setting forth "actual injury" requirement for any claim based on the denial of access to the courts).)

A district court may reconsider its prior rulings as long as it retains jurisdiction over the case. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001). Application of the law of the case doctrine is discretionary. *Id.* Under Ninth Circuit precedent, reconsideration is only appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Defendant asks the Court to reconsider its prior ruling on the basis that he did not distinguish *Hebbe* in his prior motion. (ECF No. 20 at 15-16.) He contends that *Hebbe* did not consider whether a separate court had determined there were no available issues on appeal. (*Id.* at 16.) He argues that in this case, the appellate court made that

---

[8] Defendant's citations to his first Motion to Dismiss are to the page numbers on the document rather than the page numbers affixed by CM/ECF.

22-cv-0321-CAB-BGS

determination, providing an independent judicial finding that there was no merit to the appeal. (*Id.*) In his view, this finding is sufficient to permit the Court to find that Plaintiff's appeal was frivolous, and grant Defendant's motion to dismiss. (*Id.*) In essence, Defendant is contending that the District Court committed clear error by misapplying the holding in *Hebbe.*

The argument raised by Defendant presents the issue of whether the California Court of Appeal in *Hebbe* undertook an independent review for valid claims. In that case, Hebbe's attorney filed a *Wende* brief. *Hebbe*, 627 F.3d at 340. The *Hebbe* court stated that when an attorney files a *Wende* brief, the court is then obligated to undertake an independent review of the record for valid claims. *Id.* at 340 n.1. The *Hebbe* court noted that the California Court of Appeal dismissed Hebbe's appeal because he failed to file a supplemental brief by the Court's deadline. (Id. at 340.) To dismiss the case, the California Court of Appeal necessarily would have undertaken an independent review and would have found no meritorious issues. Yet, the *Hebbe* court held that if Hebbe had been denied his library access, as he alleged, that would establish that he was impermissibly denied the opportunity to appeal his conviction. (*Id.* at 343.) Such a denial would fulfill the "actual injury" requirement under *Lewis*. (*Id.* at 343.)[9]

Similarly, in this case, the District Court noted that Plaintiff's appeal was denied after his counsel filed a *Wende* brief and the Court of Appeal conducted an independent review of the record. (ECF No. 18 at 4.) As the District Court stated, "Just as the plaintiff in *Hebbe* argued frustration of his ability to file his *pro se* supplemental brief due to lack of access to the law library, Plaintiff alleges he was frustrated in his efforts of appeal

---

[9] In *Lewis,* the Court reiterated that penal institutions have a duty to afford prisoners "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 351 (citing *Bound*s, 430 U.S. at 825).

when his *pro se* supplemental brief was confiscated by prison officials." (*Id.*) The District Court accordingly denied Defendant's first motion to dismiss as to this issue. (*Id.*)

Defendant has not established that the District Court's ruling was clearly erroneous.[10] As such, the Court recommends that Defendant's motion to reconsider its ruling regarding dismissal based on "actual injury" be DENIED.

### C.    Failure to Sufficiently Allege a "Nonfrivolous" or "Arguable" Claim

Defendant's third argument is that Plaintiff's FAC fails to allege an access to courts claim because he "does not describe the predicate claim at all, let alone why it was non-frivolous." (ECF No. 20 at 19.)

A prisoner alleging an access to courts a claim must plausibly allege the loss of a "nonfrivolous" or "arguable" underlying claim pled "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Harbury*, 536 U.S at 415; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "[I]t is not enough simply to state a 'nonfrivolous' claim has been dismissed or impeded due to the action of some government official." *Easter v. CDC*, 694 F. Supp. 2d 1177, 1191 (S.D. Cal. 2002). Instead, the "predicate claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Harbury*, 536 U.S. at 416; *see also Lewis*, 518 U.S. at 353 (providing that actual injury exists only if an inmate can "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded"). A plaintiff does not have to show that his claim would have ultimately been successful on the merits. *Allen v. Sakai*, 48 F.3d 1082, 1085 (9th Cir. 1994). But he must show that it had arguable merit. *Lewis*, 518 U.S. at 353 n.3.

In the FAC, Plaintiff states only that the supplemental brief that was allegedly confiscated by Defendant constituted "a meritorious legal brief" that could have

---

[10] The Court finds that this case does not involve newly discovered evidence or an intervening change in controlling law.

**IV.   CONCLUSION**

For the reasons discussed above, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 20] should be **GRANTED IN PART and DENIED IN PART**, and the case should be **DISMISSED** for failure to state a cognizable claim.

This Report and Recommendation will be submitted to United States District Judge Cathy Ann Bencivengo, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **December 7, 2023**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before **December 14, 2023**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

Dated:  November 16, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge