1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN TOSCANO,<br><br>                                   Plaintiff,<br><br>v.<br><br>SERGEANT RAMOS,<br><br>                                   Defendant. | Case No.:  22-cv-0321-CAB-BGS<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; and (2) DISMISSING CASE WITHOUT LEAVE TO AMEND**<br><br>**[Doc. Nos. 20, 25]** |

Plaintiff Adrian Toscano ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed his Complaint on March 7, 2022, alleging Defendant Sergeant Ramos and F. Guzman violated his rights under 42 U.S.C. § 1983. [Doc. No. 1]. On May 10, 2022, this Court issued an order granting Plaintiff's request to proceed *in forma pauperis* and dismissing claims against Defendant F. Guzman. [Doc. No. 5]. On August 30, 2022, Defendant Ramos filed a motion to dismiss Plaintiff's complaint. [Doc. No. 10]. On January 12, 2023, Magistrate Judge Skomal issued a Report and Recommendation with regard to the motion to dismiss.  [Doc. No. 14.] On March 30, 2023, this Court issued on Order adopting in part the Report and Recommendation and dismissing the complaint with leave to amend.  [Doc. No. 18.]

On May 4, 2023, Plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 19.] On May 18, 2023, Defendant filed a motion to dismiss the FAC.  [Doc. No. 20.]  On June 12, 2023, Plaintiff filed an opposition.  [Doc. No. 22.]  On June 22, 2023, Defendant filed a reply. [Doc. No. 23.]  On July 10, 2023, Plaintiff filed a sur-reply.  [Doc. No. 24.]

On November 16, 2023, Magistrate Judge Skomal issued a Report and Recommendation regarding Defendant's motion to dismiss Plaintiff's FAC ("Report"), recommending that the motion be granted in part and the FAC be dismissed. [Doc. No. 25.] On December 7, 2023, Plaintiff filed objections to the Report.  [Doc. No. 26.]   On December 14, 2023, Defendant filed a reply to Plaintiff's objections. [Doc. No. 27.]

Having reviewed the matter *de novo*, the Report is **HEREBY ADOPTED,** the motion to dismiss is **GRANTED IN PART,** and the case is **DISMISSED WITHOUT LEAVE TO AMEND**.

## I.    REVIEW OF REPORT AND RECOMMENDATION[1]

The duties of the district court in connection with the report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F. 3d 992, n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

/ / / / /

/ / / / /

/ / / / /

_____

[1] The Report accurately sets forth the Background and Legal Standards for this motion to dismiss, and those sections of the Report are incorporated herein. [Doc. No. 25 at 2-8].

## II.   DISCUSSION

A.   Deadline to File Plaintiff's Supplemental Appellate Brief Had Already Expired.

Defendant argues that the alleged confiscation of Plaintiff's mail did not frustrate the litigation of Plaintiff's underlying appeal from the denial of his petition for resentencing because the deadline to file his supplemental brief with the California Court of Appeal had already expired. [Doc. No. 20 at 12.]  Magistrate Judge Skomal found that Plaintiff fails to plead any facts that Defendant confiscated the legal mail prior to the May 21, 2021 deadline imposed by the Court of Appeal.  [Doc. No. 25 at 10.]  Rather, Plaintiff alleges in the FAC (just as he did in the original complaint) that Defendant confiscated the brief on May 30, 2021, which was after the May 21, 2021 deadline.  [*Id.*]

In his objections, Plaintiff states that Defendant could have confiscated Plaintiff's legal mail "a week or two" before Defendant informed Plaintiff of the confiscation on May 30, 2021.  [Doc. No. 26 at 4.]  However, in Plaintiff's FAC, Plaintiff explicitly alleges that on or about May 30, 2021, the mail room called Defendant who personally picked up his mail. [Doc. No. 19 at 5.] Plaintiff alleges Defendant then came directly to Plaintiff's housing unit where he informed Plaintiff of the confiscation. [*Id.*] These are also the same allegations made in the original complaint, which this Court previously informed Plaintiff failed to allege that Defendant participated in the confiscation of his prior to the deadline imposed by the Court of Appeal.  [Doc. No. 18 at 5.]  Given that Plaintiff has already been given an opportunity to amend this claim, the Court declines in its discretion to consider the allegations raised for the first time in Plaintiff's objections to the Report.  *See United States v. Howell*, 231 F.3d 615, 621-23 (9th Cir. 2000).  Accordingly, the Court agrees with Magistrate Judge Skomal that Plaintiff fails to allege that Defendant confiscated the legal mail prior to the May 21, 2021, deadline.

B.  Failure to Sufficiently Allege a "Nonfrivolous" or "Arguable Claim.

Defendant argues that Plaintiff's FAC fails to allege an access to courts claim because he "does not describe the predicate claim at all, let alone why it was non-frivolous." [Doc. No. 20 at 19.] Magistrate Judge Skomal found that Plaintiff failed to allege facts sufficient

to show that Defendant caused actual injury to a nonfrivolous claim.  [Doc. No. 25 at 13-15.]

In the FAC, Plaintiff states only that the supplemental brief that was allegedly confiscated by Defendant constituted "a meritorious legal brief" that could have"prove[n] his case" and resulted in "possible resentencing and release." [Doc. No. 19 at 4.] As noted by Magistrate Judge Skomal, Plaintiff does not otherwise describe in any way the underlying claim in the legal mail brief and thus has not demonstrated his claim was not based on "more than hope." *Christopher v. Harbury*, 536 U.S 403, 416 (2002). While Plaintiff did not specifically object to this portion of the Report, in his opposition to the motion to dismiss, Plaintiff appears to contend that his appeal of the state trial court's denial of his petition for resentencing is meritorious because he "can prove he did not shoot anyone." [Doc. No. 22 at 5.]  However, as noted by Magistrate Judge Skomal, even if the Court considered allegations first raised in the opposition, this bare assertion would be insufficient to meet the requirement that Plaintiff describe the predicate claim well enough to demonstrate that his underlying claim is based on "more than hope." *Harbury*, 536 U.S. at 416.  Accordingly, the Court agrees with Magistrate Judge Skomal that Plaintiff fails to allege facts sufficient to show that Defendant caused actual injury to a nonfrivolous claim.

III.   **CONCLUSION**

The Court has conducted a *de novo* review of the Report and finds it to be thorough, complete, and an accurate analysis of the legal issues presented in the motion to dismiss. Therefore, the Court:

(1) **ADOPTS** the Report [Doc. No. 25] in full;

(2) **REJECTS** Plaintiff's objections [Doc. No. 26];

(3) **GRANTS** the motion to dismiss without leave to amend for failure to state a cognizable claim because: (a) Plaintiff fails plead any facts that Defendant confiscated the legal mail prior to the May 21, 2021, deadline; and (b) Plaintiff fails to allege a "nonfrivolous" or "arguable" underlying claim;

(4) **DENIES** the motion to dismiss on all other grounds;

(5) **DISMISSES THE CASE WITH PREJUDICE IN ITS ENTIRETY**; and

(6) **DIRECTS** the Clerk of Court to **CLOSE** the case.


**IT IS SO ORDERED**.

Dated:  January 22, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge